Sutliff, J.
The difference between the charge requested by counsel for defendant, and the instructions given to the jury by the court, consists, principally, in the expression of legal duties incumbent upon Reed to perform, under the contract, to entitle him to a right of action against Hager, for nonperformance on his part.
The instruction requested by counsel assumes that the rights of the parties upon which the right to. recover rested, were strictly legal rights ; and that the mutual and concurrent acts of transfer and delivery of the stock on the part of Reed, and paying the agreed price on the part of Hager, required of either a performance on his part, or its equivalent, at the time specified in the contract, in order to entitle him to a right of action against the other party, for a delinquency on his part. And if the contract only had respect to the buying and selling of the stock upon a day named in the contract, no objection could, perhaps, be urged to the instruction so asked to be given. The rule is, that agreements are to be performed according to the provisions of the contract, as expressed and understood by the parties. And where the agreement is for merely performing reciprocal acts by the parties at the same time, the party who claims a right of action against the other party, for nonperformance, to sustain his right of action at law, must show that he has not been delinquent on his part.
And this can only be shown by proof of actual performance, or that the party was ready, able, and offering to perform all that was incumbent upon him under the contract to *633 ¡do, according to its terms. And it is true, that while the parties, both in their pleadings and on the trial, seem to have treated the contract and action as one to which the rule asked to be applied was applicable, the court refused its application in the case. The court expressly charged the jury that time ■was not of the essence of the contract, and that if within a reasonable time after the expiration of the three' years, Reed offered to perform on his part, having it in his power to then and there do it, and Hager refused to accept the performance, it would be a sufficient offer to perform.
Does the record show this charge of the court, and the refusal to give the instructions asked, erroneous ? Eor, although in one view of the case, the instructions may seem wrong, if, from the whole record, the instruction can be sustained, it can not be here regarded error in the case.
The petition and proof of the plaintiff presented the case -of a contract between the parties, and acts of part performance under the contract, and an offer, and demand for full -performance made by plaintiff, before the commencement of ■the action; and an averment in the petition of being still •ready and willing to perform, and transfer said stock. The prayer of the petition for judgment is followed by this conclusion, “ said Hager being entitled to the said stock and scrip.” And from the proof upon the record, the certificate of stock and scrip seems to have been in evidence before the court and jury on the trial.
The contract is inartificial and somewhat inexplicit in its terms; but when construed in the light of the circumstances and facts proved, it presented a case which might have authorized a specific performance of the contract to have been decreed by the court.
From the testimony of the plaintiff, which seems to have ■been admitted without objection, the contract was entered into, under the following circumstances : Hager appears to •have had full confidence in the railroad company, and to have regarded a subscription for its stock a good investment; and Reed, at the same time, to have had, using his own language, "no confidence in companies, especially in railroad compa *634 nies.” Hager, therefore, proposed to him that if he would-become a subscriber for ten shares in the company, and pay for the same, that he, Hager, would secure to him, Reed, six per cent, on all moneys so to be paid by him, Reed, in procuring the stock, “ from the time of payment for three years; and to then pay him, Reed, the par value of the stock, and interest, and take it off his hands; the three years to commence at the time of the first payment to be made by Reed. This proposition appears to have been acceded to by Reed, and the memorandum of the agreement was reduced to writing,, and signed and sealed by the parties, and attested by a witness. Such seem to be the circumstances, and the substance-of the contract made, as proved upon the trial.
The proof shows that, for a time, this contract was a very satisfactory one to Hager. -Both parties acted upon it. Reed, in faith of the undertaking of Hager under the contract, incurred, and discharged by payment, a liability of five hundred dollars, and obligated himself to transfer the stock to Hager upon receiving back his money so paid for it, with six percent. interest, although the company had assumed to pay eight per cent, upon the same. Hager received the eight percent. so long as the company paid the interest, he paying: none, in the meantime, to Reed. If the stock, at the expiration of the three years, had been at ever so high a premium,. Hager could have claimed the stock, as well as the eight per cent, interest, by paying the money so paid for it by Reed,, with six per cent, interest on the same, under this contract.
The case presented to the court was, therefore, one clearly cognizable by a court of equity. The whole case seemed, by the proof, addressed to the chancery powers of the court-And time is not, in a court of equity, generally regarded of the essence of the contract. But the contract, in this case, is by no means subject to the interpretation of a contract merely for the sale by Reed, and the purchase, by Hager, of stock, on; a particular day, at a specified price. It is rather a contract, by which Reed became obligated to purchase and pay for stock for Hager, and to hold it in trust for him until Hager should-, reimburse the money so expended, and which Hager so un *635 dertook to do within three years, and to thereupon accept the’ stock.
But, although the counsel of the plaintiff, in this view of the-contract, may have somewhat mistaken the nature of his right of action, it can not be said that he has mistaken the form of his action. The effect of the code has been to relieve the parties from all embarrassment in such cases. Having, in om courts, no longer any distinction in the forms of actions, in. chancery and at law, there was no impediment before the court in treating the case as in chancery. The distinction between-actions at law and suits in equity, and the forms of all such, actions being abolished, the court is to be regarded a court of law or of equity, and the petition, a declaration or a bill in. chancery, according to the nature of the case, as shown by the statement and proof of the cause of action presented in the case.
Nor can it he a cause of embarrassment that the issues were-submitted to the jury, instead of the court. It was competent for the court to permit a jury to find the issues of fact. Their finding was approved by the court, and a judgment properly entered for the plaintiff below.
But the court neglected to make the order that the plaintiff should execute a transfer of the stock. Does this omission constitute an error for which the judgment should be reversed?' We think not. In the first place, the plaintiff offered to make-the transfer previous to the commencement of his action; and his petition, in an informal manner, renewed the offer. And. if the statement of the same, in the petition, was objectionable, for informality, to authorize a decree for specific performance, the objection should have been made, by motion or otherwise, before trial and judgment. After judgment, it is true, the defendant was entitled to have the order in his favor subjoined; and it is unnecessary to determine whether such order in his favor was strictly due without his motion or request; for the record, in this case, not only shows that such order was not asked on the part of Hager, and that no exception was taken to its omission; but there is, in fact, no exception, for that cause, upon the record.
*636 We can not, therefore, say that there is error upon the record, for that the court, under the circumstances mentioned, neglected to make the further order, in relation to the rights of Hager, which may arise upon his paying the money due to Reed, for the stock so held by him under the contract. Hager’s rights under the contract are obviously unaffected by the judgment so rendered; but will remain to be asserted by him, if necessary, after payment. The judgment of the district court is affirmed, and the cause certified to the court of ■common pleas.
Scott, C.J., and Peck, Gholson and Brlnkerhoee, JJ., concurred.